IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| NANCY GREEN, | ) | Case No. 13-02728 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date: October 16, 2013** |
| | ) | **Hearing Time: 10:00 a.m.** |
| | ) | **Courtroom: 742** |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
SUSAN E. LOGGANS & ASSOCIATES, P.C., SPECIAL COUNSEL**

Michael K. Desmond, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Nancy Green (the "Debtor"), by his attorneys, pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying a first and final award of compensation and reimbursement of expenses to Susan E. Loggans & Associates, P.C. (collectively "Loggans"), special counsel retained by the Trustee in the above-captioned case (the "Application"). In support of this Application, the Trustee states as follows:

In this Application, F&S requests: (i) the allowance of final compensation of $63,333.33 for contingency-fee based legal services rendered to the Trustee; and (ii) reimbursement of expenses of $9,457.64 incurred in connection with those services during the period January 24, 2013 through July 31, 2013 (the "Application Period"). In support of this Application, the Trustee states as follows:

2

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## INTRODUCTION

4. On January 24, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), thereby commencing the above-entitled case and creating the Debtor's estate (the "Estate").

5. The Trustee was appointed as the Chapter 7 trustee of the Estate on the Petition Date.

## BACKGROUND

6. On the Petition Date, the Debtor was the plaintiff in an action seeking damages in the Circuit Court of the Cook County, Illinois, *Case No. 2012-L-001674*, captioned *Nancy Green v. SAV-RX Chicago, Inc., et al.,* arising out of injuries suffered from an improper dosage of medication (the "Lawsuit").

7. Prior to the Petition Date, Loggans was the Debtor's counsel of record for the Debtor in the Lawsuit pursuant to a retainer agreement dated on or about February 14, 2011 (the "Agreement"), a copy of which is attached hereto as **Exhibit A**.

8. On June 20, 2013, upon motion by the Trustee, the Court approved the retention of Loggans as the Trustee's special counsel with respect to the Lawsuit on the same terms as the

Agreement. A true and correct copy of the Bankruptcy Court's June 19, 2013 order is attached hereto as **Exhibit B**.

9. Pursuant to the terms of the Agreement, Loggans's compensation for representing the Trustee with regard to the Lawsuit is to be a sum equal to: (i) one-third (1/3, or 33.3%) of the first $150,000.00 recovered from the Lawsuit; (ii) one-fourth (1/4, or 25%) of the next $850,000.00 recovered from the Lawsuit; and (iii) twenty-percent (20%) of all monies collected above $1,000,000.00. Under the Agreement, additional legal fees may be approved by the Court should it find that the legal services rendered by Loggans warrant an increased fee of up to one-third (1/3) of monies recovered from the Lawsuit.

10. In addition, pursuant to the Agreement, Loggans will be reimbursed for all reasonable expenses incurred in connection with the Lawsuit.

11. On August 21, 2013, the Bankruptcy Court entered an order approving the terms of an agreement settling and resolving the Lawsuit *nunc pro tunc*. A true and correct copy of the August 21, 2013 order is attached hereto as **Exhibit C**.

12. Pursuant to the Settlement Agreement, the defendant to the Lawsuit agreed to pay one-hundred ninety thousand dollars ($190,000.00) (the "Settlement Payment") in full satisfaction and release of any and all claims that the Debtor may have against it with regard to the Lawsuit.

13. The Trustee submits that Loggans' efforts in securing the Settlement Payment on behalf of the Trustee, including but not limited to taking numerous depositions, taking part in mediation over the Lawsuit, and negotiation and resolution of Medicare and secondary insurance liens, warrants award of a one-third contingency fee of $63,333.33. The services rendered by Loggans on behalf of the Trustee were in the best interests of creditors of the estate.

14.     The Loggans' fees and expenses requested herein will be paid out of the proceeds of the Settlement Payment.

### LEGAL SERVICES PERFORMED BY LOGGANS

15.     The Trustee submits that the amount for sought for payment to Loggans in this Application is fair and reasonable.

16.     Because the fees sought in connection with this Application are based on a contingency-fee agreement, this Application does not include a Narrative Summary or Detailed Statement of Services under Local Rule 5082-1(B) and (C). However, such detailed information can be made available upon this Court's request.

17.     In addition, in this Application, F&S seeks the reimbursement of Loggans' actual, necessary out of pocket expenses totaling $9,457.64. Pursuant to Local Rule 5082-1(B)(1)(g), a breakdown of each type of expense is included on schedule attached hereto as attached as **Exhibit D**. To summarize them here, the expenses incurred by Loggans primarily related to deposition and expert witness fees and mediation costs.

18.     All of the expenses for which Loggans seeks reimbursement were actually incurred by Loggans, were necessary for the proper representation of the Trustee in the Lawsuit, and were specifically allocated to the representation of the Trustee in the Lawsuit. None of the expenses represents general overhead or other expenses unrelated to the Lawsuit.

19.     Accordingly, pursuant to Local Rule 5082-1(B)(2), F&S seeks: (a) the allowance and payment of final compensation to Loggans of $63,333.33 for the contingency-fee based legal services rendered to the Trustee; and (ii) reimbursement of Loggans' expenses of $9,457.64 incurred in connection with those services during the Application Period. The proceeds of the

Settlement Payment will be used to pay allowed compensation and reimbursement of expenses to Loggans for the Application Period.

## BASIS FOR RELIEF

20. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of Loggans's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by Loggans during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

21. The Trustee prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court.

22. All of the services performed by Loggans were reasonable and necessary and have benefitted the Debtor's Estate.

23. As disclosed in the Trustee's application to employ Loggans as special counsel, in accordance with the terms of the Agreement the Debtor previously entered into with Loggans, the Debtor consented to and acknowledged that Loggans would participate jointly with the law firm of Martin & McCulloh, P.C. ("McCulloh") in the representation with respect to the Lawsuit. Pursuant to that referral agreement, any referral fees paid to McCulloh under the Agreement will be paid by Loggans from compensation received by Loggans for representing the Trustee with regard to the Lawsuit.

## NOTICE

24. At least twenty-one (21) days written notice of this Application has been served on the Debtor, Debtor's counsel, Loggans, Medicare, all creditors who have filed timely proofs of claim, all parties who have requested notice of all pleadings filed in the Bankruptcy Case, and

the Office of the United States Trustee, which the Trustee submits is adequate under the circumstances.

25. Additionally, F&S has served paper copies of a notice of hearing on this Application by first class U.S. mail on all creditors on the mailing matrix in this case, which identifies Loggans as the applicant, states the amounts requested in the Application, and provides contact information for any party to request a copy of the Application free of charge.

WHEREFORE, Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Nancy Green respectfully requests that this Court enter an order:

(a) Granting the relief requested in this Application;

(b) Granting the Trustee's request to limit notice as set forth above and finding that the Notice of the Hearing on this Application was sufficient;

(c) Allowing Loggans' fees in the amount of $63,333.33 for the contingency-fee based legal services to the Trustee between January 24, 2013 through July 30, 2013;

(d) Allowing Loggans's out of pocket expenses in the amount of $9,457.64, incurred in connection with the contingency-fee based legal services rendered to the Trustee between January 24, 2013 through July 30, 2013;

(e) Authorizing the Trustee to pay to Loggans: (i) $63,333.33 as compensation for the contingency-fee based legal services rendered to the Trustee between January 24, 2013 through July 30, 2013; and (ii) $9,457.64 as reimbursement of actual, necessary expenses incurred between January 24, 2013 through July 30, 2013;

and

7

  (f) Granting such other relief as this Court deems necessary or appropriate.

Dated: September 23, 2013  Respectfully submitted,

**MICHAEL K. DESMOND not individually but as Chapter 7 Trustee for the Bankruptcy Estate of NANCY GREEN**

By: /s/ William G. Cross
  One of his Attorneys

Michael K. Desmond (IL #6208809)
William G. Cross (IL #6299574)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street
Suite 3600
Chicago, Illinois 60603
(312) 251-4600

# CERTIFICATE OF SERVICE

I, William G. Cross, the undersigned attorney, hereby certify that on September 23, 2013, I electronically filed the **First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Susan E. Loggans & Associates, P.C. Special Counsel** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals:

- William Cross    wcross@fslegal.com
- Michael K Desmond    mkd.trustee@fslegal.com, IL23@ecfcbis.com
- Michael K Desmond    mdesmond@fslegal.com, dorisbay@fslegal.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Janna L Quarless    jquarless@robertjsemrad.com, rjscourtdocs@gmail.com
- Patrick Semrad    psemrad@robertjsemrad.com, rjscourtdocs@gmail.com
- Courtenay Martin Wilson    cwilson@robertjsemrad.com, rjscourtdocs@gmail.com

And I hereby further certify that on September 23, 2013, I mailed by first class U.S. mail the **Notice of Hearing** on the **First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Susan E. Loggans & Associates, P.C., Special Counsel** to the following non-registered participants:

BANK OF AMERICA N.A  
P.O. Box 26012  
NC4-105-02-99  
Greensboro, NC 27420

D. Patrick Mullarkey  
Tax Division (DOJ)  
P.O. Box 55  
Ben Franklin Station  
Washington, D.C. 20044

Patrick J. Condron  
Susan E. Loggans & Associates, Inc.  
222 North LaSalle Street, Suite 460  
Chicago, Illinois 60601

Associate Area Counsel, SB/SE  
200 West Adams Street  
Suite 2300  
Chicago, IL 60606

/s/    William G. Cross