## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| NANCY GREEN, | ) | Case No. 13-02728 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date:  June 15, 2016** |
| | ) | **Hearing Time: 10:30 a.m.** |
| | ) | **Courtroom: 742** |

## COVER SHEET FOR FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL

### (Local Rule 5082-1(A))

| | |
|---|---|
| Name of Applicant: | Figliulo & Silverman, P.C. |
| Authorized to Provide Professional Services to: | Michael K. Desmond, not individually but as Chapter 7 Trustee for the Estate of Nancy Green |
| Date of Order Authorizing Employment: | June 19, 2013 [Dkt. 24 ] |
| Period of Which Compensation is Sought: | January 24, 2013 through April 18, 2016 (allowance and payment) |
| Amount of Fees Sought: | $6,912.50 |
| Amount of Expenses Sought: | $0.00 |

This is a(n):   Interim Application: _____   Final Application:   X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| None | | | | |

Dated: May 25, 2016

Respectfully submitted,

**FIGLIULO & SILVERMAN, P.C.**

By: /s/  Michael K. Desmond

Michael K. Desmond (IL #6208809)
William G. Cross (IL #6299574)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street
Suite 3600
Chicago, Illinois 60603
(312) 251-4600

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| NANCY GREEN, | ) | Case No. 13-02728 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date:  June 15, 2016** |
| | ) | **Hearing Time: 10:30 a.m.** |
| | ) | **Courtroom: 742** |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
FIGLIULO & SILVERMAN, P.C., AS TRUSTEE'S COUNSEL**

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Nancy Green (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the U.S. Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying a first and final award of compensation and reimbursement of expenses in the above-captioned case (the "Application").

In this Application, F&S seeks allowance and payment of final compensation of $6,912.50 for 25.7 hours of legal services rendered to the Trustee during the period January 24, 2013 through April 18, 2016 (the "Application Period"). In support of its Application, F&S states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Fee Application pursuant to 28 U.S.C.

§§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3.      The statutory predicates for the relief requested herein are Sections 330 and 331

of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## INTRODUCTION

4.      On January 24, 2015 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under Chapter 7 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Chapter 11

Case").

5.      Thereafter, the United States Trustee appointed Michael K. Desmond as Chapter

7 Trustee of the Debtor's bankruptcy estate.

## BACKGROUND

6.      On June 14, 2013, the Trustee filed an application with this Court seeking to

retain F&S as counsel to represent the Trustee in this bankruptcy case.

7.      On June 19, 2013, the Court entered the *Order Granting Trustee's Application for

Authority to Employ Counsel* [Dkt. 24], retroactive to January 24, 2013, on the terms and

conditions set forth in the motion.  A true and correct copy of the Court's June 19, 2013 order is

attached hereto as **Exhibit A**.

8.      As set forth in the application, F&S is entitled to receive compensation on an

hourly basis, which, as set forth in the application, are F&S's standard and customary hourly

rates for work of this nature.  Pursuant to the terms of F&S's employment by the Trustee, F&S is entitled to payment of legal fees according to the rates set forth below:

| | |
|---|---|
| Jeff D. Harris | $400 per hour |
| Michael K. Desmond | $375 per hour |
| Marc Porter | $350 per hour |
| William G. Cross | $250 per hour |
| Associates | $250 -275 per hour |
| Paralegal | $95 per hour |

9.      Additionally, as set forth in the application, F&S is entitled to recover all expenses incurred in connection with its representation of the Trustee, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges.  F&S's expenses will be reimbursed by the Debtor's bankruptcy estate out of the general funds of the estate subject to approval of this Court.

10.      F&S has received $0.00 in previously awarded compensation and reimbursement of expenses.

### LEGAL SERVICES PERFORMED BY F&S

11.      On the Petition Date, the Debtor was the plaintiff in an action seeking damages in the Circuit Court of the Cook County, Illinois, *Case No. 2012-L-001674*, captioned *Nancy Green v. SAV-RX Chicago, Inc., et al.,* arising out of injuries from alleged negligent acts by the defendant (the "Lawsuit").

12.      Thereafter the Trustee retained Patrick J. Condron and the law firm of Susan E. Loggans & Associates, Inc. (collectively, "Loggans") as special counsel to represent the estate in the lawsuit.

13.    After the filing of the petition, the Debtor apparently negotiated a settlement of the Lawsuit. The Trustee had no knowledge of the existence of the Settlement Agreement until after the Debtor's Section 341(a) meeting of creditors on March 19, 2013. After consulting with Loggans and reviewing the terms of the Settlement Agreement, the Trustee, in his business judgment, believed that the settlement was in the best interests of the Debtor's estate.

14.    On or about August 21, 2013, the court approved settlement in the amount of $190,000.00.

15.    F&S has been advising the Trustee with respect to his rights and duties in this Chapter 7 proceeding as well as on legal issues relating to the settlement, payment of medical liens, retention of special counsel, tax issues related to the settlement,  administration of the Debtor's assets, and performing such other legal services as may be required from time to time as may be necessary to protect the Estate, including routine court appearances. F&S seeks allowance and payment of final compensation of $6,692.50 for 25.7 hours of legal services rendered to the Trustee during the Application Period.

16.    In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

17.    Pursuant to Local Rule 5082-1(C), F&S has attached hereto as **Exhibit B** its detailed time records setting forth the date the work was performed, the attorney performing the work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

18.    As required by Local Rule 5082-1(B) and (C), F&S provides the following Narrative Summary and Detailed Statement of Services.

## NARRATIVE SUMMARY

*(LOCAL RULE 5082-1(B))*

19.    Local Rule 5082-1(B)(1)(a) – During the First Application Period, F&S performed a variety of services on the Trustee's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
|---|---|---|
| Employment of Professionals | 6.3 | $1,600.00 |
| Approval Personal Injury Settlement | 14.9 | $3,875.00 |
| Compensation of Professionals. | 4.5 | $1,437.50 |
| TOTALS: | 25.7 | $6,912.50 |

20.    Local Rule 5082-1(B)(1)(b) – Narrative summaries of F&S's principal activities follow, including details as to individual tasks performed within each activity:

(a) **Employment of Professionals** – The services under this task primarily consisted of drafting and filing motions to employ Trustee's special counsel and motions to employ F&S. In connection with these services, F&S expended 6.3 hours and incurred $1,600.00 in fees during the Application Period.

(b) **Approval of Personal Injury Settlement** – The services under this task primarily consisted of review and negotiation settlement agreement, discussions with special counsel, review of legal issues relating to the settlement, payment of medical liens, review of tax issues related to the settlement as well as the drafting of motion seeking approval of the settlement, filing, and appearance in court on behalf of the Trustee on a motion for approval of the settlement agreement. In connection with these services, F&S expended 14.9 hours and incurred $3,875.00 in fees during the Application Period.

(c) Compensation of Professionals – The services under this task primarily consisted of preparing and filing a fee application for special counsel, filing a supplement, court appearances, preparing and filing this Final Application for Compensation

for F&S.  F&S expended 4.5 hours and incurred $1,434.50 in fees during the Application Period.

21.    Local Rule 5082-1(B)(1)(c) – F&S seeks a total of $750.00 for reimbursement of fees and expenses incurred in preparation of this Application.

22.    Local Rule 5082-1(B)(1)(d) – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work  is attached as **Exhibit C.**

23.    Local Rule 5082-1(B)(1)(e) – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

24.    Local Rule 5082-1(B)(1)(f) –  This is the first application filed by F&S for compensation and reimbursement of expenses.

25.    Local Rule 5082-1(B)(1)(g) –  In this Application, F&S does not seek reimbursement of any actual, necessary out of pocket expenses.

26.    Local Rule 5082-1(B)(2) – F&S seeks the allowance and payment of compensation of $6,912.50 for legal services rendered to the Trustee during the Application Period.

## DETAILED STATEMENT OF SERVICES
### *(LOCAL RULE 5082-1(C))*

27.    The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R.

Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

28.     The time detail attached as **Exhibit B** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and activities that match the narrative descriptions in this First Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

## BASIS FOR RELIEF

29.     Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in its bankruptcy case.

30.     There has been no duplication of services by partners, associates, paralegals, or clerks of F&S for which compensation is requested herein. In instances where two or more attorneys, paralegals or clerks participated in any matter, joint participation was deemed necessary due to the complexity of the issues involved. F&S has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals. However, F&S professionals have been required to conduct a limited number of conferences to

provide effective legal representation to the Trustee as outlined in *In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991).

31.     From the outset of this case, professionals at F&S were instructed to avoid recording time entries which contained "lumping" as discussed in *In re Pettibone Corp.*, 74 B.R. 293, 302 (Bankr. N.D. Ill. 1987).

32.     The time detail attached hereto contain all of the information required by Local Rule 5082-1(C) in order to constitute the detailed statement required by Bankruptcy Rule 2016(a). F&S has endeavored to: (a) avoid lumping multiple tasks into a single entry; (b) minimize time spent on interoffice conferences, though at times, such conferences were necessary and unavoidable; and (c) provide detail about each task, such as the subject matter of each telephone conference, correspondence, document review, etc.

33.     F&S's hourly rates for professionals who performed services for the Trustee during the Application Period are less than or comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in comparable Chapter 7 cases in the Northern District of Illinois. The compensation sought by F&S in this Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

34.     Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

35.     The compensation sought by F&S in this First Application is for ordinary and necessary services rendered to the Trustee, and in light of the number of hours spent by F&S rendering legal services to the Trustee in the Chapter 7 case, F&S submits that the amount for sought for payment in this First Application is fair and reasonable.

36.     F&S prepared this First Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the Estate, F&S is also entitled to receive compensation for the preparation of this First Application. *Pettibone*, 74 B.R. at 304.

37.     Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Debtor and its Estate. All services performed by F&S and all expenses incurred were reasonable and necessary and for the benefit of the Debtor's bankruptcy Estate.

38.     No payments have heretofore been made or promised to F&S for the legal services rendered to the Trustee in connection with this case.

39.     F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## **NOTICE**

40.     F&S has provided at least twenty-one days' notice of this Application to all parties registered with CM/ECF in this case, including the Trustee, the Office of the United States Trustee, and Debtor's counsel. Additionally, F&S has served paper copies of a notice of

hearing on this Application by first class U.S. mail on all creditors on the mailing matrix in this case, which identifies F&S as the applicant, states the amounts requested in the Application, and provides contact information for any party to request a copy of the Application free of charge.

WHEREFORE, Figliulo & Silverman, P,C. respectfully requests that this Court enter an order:

     (a)    Granting the relief requested in this Application;

     (b)    Granting F&S's request to limit notice as set forth above and finding that the notice of the hearing on this Application was sufficient;

     (c)    Allowing F&S's fees in the amount of $6,912.50 for the legal services rendered to the Trustee between January 24, 2013 through April 18, 2016 ;

     (d)    Authorizing and directing the Trustee to pay to F&S $6,912.50 as compensation for the legal services rendered to the Trustee between January 24, 2013 through April 18, 2016;

           and

     (e)    Granting such other relief as this Court deems necessary or appropriate.

Dated: May 25, 2016           **FIGLIULO & SILVERMAN, P.C.**

                      By: /s/ Michael K. Desmond

                      Michael K. Desmond (IL #6208809)
                      William G. Cross (IL #6299574)
                      FIGLIULO & SILVERMAN, P.C.
                      Ten South LaSalle Street, Suite 3600
                      Chicago, Illinois 60603
                      (312) 251-4600

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| In Re: | ) | BK No.:   13-02728 |
| NANCY GREEN | ) | |
| | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER GRANTING TRUSTEE'S APPLICATIONFOR AUTHORITY TO EMPLOY COUNSEL

This matter coming to be heard on the application (the "Application") of Michael K. Desmond, not individually, but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Nancy Green (the "Debtor"), for authority to employ Michael K. Desmond and other partners, associates, and paralegals of the law firm of Figliulo & Silverman, P.C., as counsel in connection with this Chapter 7 case; notice of the motion having been given to all parties entitled thereto; no objections having been filed; and the Court having been advised of the premises;

It is hereby ordered that:

1. The Trustee is hereby authorized to retain Michael K. Desmond and other partners, associates, and paralegals of the law firm of Figliulo & Silverman, P.C., as counsel in connection with this Chapter 7 case in accordance with the terms and conditions set forth in the Application retroactive to January 24, 2013;

2. Payment of compensation is subject to further order of this Court, upon separate application; and

3. Shortened notice of the Application is approved and further notice is deemed waived.

Enter:

Honorable Eugene R. Wedoff
United States Bankruptcy Judge

Dated:  June 19, 2013

**Prepared by:**

William G. Cross (IL #6299574)
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603

# EXHIBIT B

Nancy Green 1820.44

**Employment of Professionals**

| | | | | | |
|---|---|---|---|---|---|
| 5/22/2013 | Williams Cross | 0.20 | $250.00 | $50.00 | Draft and revise motion to employ special counsel in connection with personal injury |
| 5/24/2013 | William Cross | 1.30 | $250.00 | $325.00 | Proofread and revise motion employ special counsel regarding personal injury claim and telephone conference with attorney re same |
| 6/3/2013 | William Cross | 0.30 | $250.00 | $75.00 | Draft and revise declaration of proposed special counsel |
| 6/4/2013 | William Cross | 0.60 | $250.00 | $150.00 | Revise Green declaration of special counsel and correspondence to prosed special counsel re same |
| 6/6/2013 | Williams Cross | 1.20 | $250.00 | $300.00 | Proofread and revise motion to employ special counsel and proposed order for same |
| 6/10/2013 | Michael Desmond | 0.20 | $375.00 | $75.00 | Review motion to employ Special Counsel re: Nancy Green |
| 6/14/2013 | William Cross | 1.50 | $250.00 | $375.00 | Draft and revise motion to employ F&S as trustee's counsel |
| 6/19/2013 | William Cross | 1.00 | $250.00 | $250.00 | Appear for hearings on motion to employ special counsel and motion to employ trustee's counsel |
| | Sub-Total | 6.30 | | $1,600.00 | |

**Personal Injury Settlement**

| | | | | | |
|---|---|---|---|---|---|
| 5/20/2013 | William Cross | 0.10 | $250.00 | $25.00 | Follow up with debtor's personal injury attorney regarding status of litigation |
| 5/22/2013 | William Cross | 1.00 | $250.00 | $250.00 | Review pleadings, settlement documents, and other materials proviuded by debtor's personal injury attorney and contact attorneys re same |
| 7/15/2013 | William Cross | 2.00 | $250.00 | $500.00 | Review personal injury settlement agreement and draft motion to approve settlement nunc pro tunc |
| 7/23/2013 | William Cross | 1.20 | $250.00 | $300.00 | Revise motion to approve seetlement agreement nunc pro tunc |

Slip Listing

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 7/24/2013 | William Cross | 2.00 | $250.00 | $500.00 | Revise motion to approve settlement agreement nunc pro tunc and contatct debtors personal injury attorney regarding the same |
| 7/24/2013 | Michael Desmond | 0.20 | $375.00 | $75.00 | Review settlement motion re: Nancy Green |
| 8/12/2013 | William Cross | 1.00 | $250.00 | $250.00 | Review correspondence regarding Medicarel ien issues and conact special counsel regarding same |
| 8/20/2013 | William Cross | 0.20 | $250.00 | $50.00 | Telephone conference with personal injury special counsel regarding medicare lien issues |
| 8/21/2013 | Michael Desmond | 1.00 | $375.00 | $375.00 | Court appearance for hearing on motion to approve settlement re: Nancy Green |
| 9/9/2013 | William Cross | 1.00 | $250.00 | $250.00 | Draft and revise fee application for special counsel regarding lawsuit |
| 9/10/2013 | William Cross | 1.20 | $250.00 | $300.00 | Draft and revise fee application for special counsel regarding lawsuit |
| 9/12/2013 | William Cross | 0.10 | $250.00 | $25.00 | Communicate with special counsel regarding fees for resolition of lawsuit |
| 9/30/2013 | William Cross | 2.00 | $250.00 | $500.00 | Draft and revise otion to authorize trustee to pay Medicare and secondary insurance liens |
| 10/16/2013 | William Cross | 1.00 | $250.00 | $250.00 | Draft and revise motion to approve payment of Medicare and secondary insurance liens associated with lawsuit |
| 10/17/2013 | William Cross | 0.50 | $250.00 | $125.00 | Revise and prepare for filing motion to pay insurance liens from lawsuit |
| 10/29/2013 | William Cross | 0.20 | $250.00 | $50.00 | Nancy Green - Telephone conference with special counsel regarding Medicare and insurance liens and other issues. |
| 11/18/2013 | William Cross | 0.10 | $250.00 | $25.00 | Correspondence to special counsel regarding payment of fees and expenses. |
| 11/19/2013 | William Cross | 0.10 | $250.00 | $25.00 | Correspondence to debtor's counsel regarding payment of debtor's exemption in settlement proceeds. |

|  | Sub-Total | 14.90 |  | 3,875.00 |  |

Slip Listing

**Compensation of Professionals**

| | | | | | |
|---|---|---|---|---|---|
| 9/12/2013 | Michael Desmond | 0.50 | $375.00 | $187.50 | Review fee application by Special Counsel re: Nancy Green. |
| 10/16/2013 | William Cross | 1.00 | $250.00 | $250.00 | Appear for and attend hearing on special counsel fee application |
| 10/22/2013 | William Cross | 1.00 | $250.00 | $250.00 | Prepare expenses supplement to special counsel fee application |
| 8/10/2015 | Michael Desmond | 0.50 | $375.00 | $187.50 | Review and sort time detail for F&S Final Application. |
| 8/11/2015 | Michael Desmond | 0.50 | $375.00 | $187.50 | Review and sort time detail for F&S Final Application. |
| 4/18/2016 | Michael Desmond | 1.00 | $375.00 | $375.00 | Draft and revise  F&S Final Application. |

|  | | | |
|---|---|---|---|
| Sub-Total | 4.50 | | $1,437.50 |
| Grand Total | 25.70 | | 6,912.50 |

# EXHIBIT C

Slip Listing

**Summary of Time by Activity**

**Exhibit C**     **Employment of Professionals**

|  | Hours | Rate | Value |
|---|---|---|---|
| Michael K. Desmond | 0.2 | $375.00 | $75.00 |
| William G. Cross | 6.1 | $250.00 | $1,525.00 |
| Teri Krcmarik | 0.0 | $95.00 | $0.00 |
| Total | 6.3 | | $ 1,600.00 |

**Personal Injury Settlement**

|  | | | |
|---|---|---|---|
| Michael K. Desmond | 1.2 | $375.00 | $450.00 |
| William G. Cross | 13.7 | $250.00 | $3,425.00 |
| Teri Krcmarik | 0.0 | $95.00 | $0.00 |
| Total | 14.9 | | $ 3,875.00 |

**Compensation of Professionals**

|  | | | |
|---|---|---|---|
| Michael K. Desmond | 2.5 | $375.00 | $937.50 |
| William G. Cross | 2.0 | $250.00 | $500.00 |
| Teri Krcmarik | 0.0 | $95.00 | $0.00 |
| Total | 4.5 | | $ 1,437.50 |

**Grand Totals**          **25.70**                    **6,912.50**

# EXHIBIT D

Nancy Green

**Exhibit D**

**Summary of Time**

| Attorney | Title | Hours | Rate | | Value |
|----------|-------|-------|------|---|-------|
| Michael K. Desmond | Shareholder | 3.9 | $ 375.00 | $ | 1,462.50 |
| William G. Cross | Associate | 21.8 | $ 250.00 | $ | 5,450.00 |
| Teri Krcmarik | Paralegal | 0.0 | $  95.00 | $ | - |
| | | 25.7 | | $ | 6,912.50 |